IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


CHRISTOPHER HULSEY                                                    PLAINTIFF


        v.                        CIVIL NO. 2:25-cv-02120-TLB-MEF


FRANK BISIGNANO, Commissioner
Social Security Administration                                       DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Christopher Hulsey, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (the "Commissioner"). On December 8, 2025, the Defendants filed a motion to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7). Despite the passage of more than 30 days, Plaintiff has not responded.

### I.        Procedural History

Plaintiff filed his application for supplemental security income on January 24, 2024. Following an administrative hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's application for benefits on August 27, 2025. (ECF No. 7-1, pp. 16-29). Plaintiff initiated this civil action on October 7, 2025, prior to requesting review by the Appeals Counsel. (*Id*. at pp. 2-3).

The Commissioner filed a Motion to Dismiss for Failure to State a Claim, alleging the Plaintiff failed to exhaust his administrative remedies. (ECF No. 7). As per the declaration of Lesha Cowell, court case preparer for the Commissioner, there is no evidence that the Plaintiff filed a request for review by the Appeals Council. (ECF No. 7-1, pp. 1-3).

1

## II.    Applicable Law

Generally, exhaustion of administrative remedies is required in order to advance a number of policies including the following: (1) avoiding premature interruption of the administrative process; (2) allowing the agency to develop the necessary factual background upon which decisions should be based; (3) permitting the agency to exercise its discretion and apply its expertise; (4) improving the efficiency of the administrative process; (5) conserving scarce judicial resources; (6) giving the agency a chance to discover and correct its own errors; and (7) discouraging the ignoring of the agency's procedures.  *Central States Southeast and Southwest Areas Pension Fund v. T.I.M.E.-DC, Inc.*, 826 F.2d 320, 328 (5th Cir. 1987).

One function of the Appeals Council is to act on requests for review of hearing decisions made by Administrative Law Judges and to either grant, deny or dismiss any such request.  Under the regulations of the Social Security Administration, if the Appeals Council denies a timely request for review of a hearing decision, that hearing decision becomes the "final decision" within the meaning of, and subject to, the provisions for judicial review in section 405(g) of the Social Security Act.  42 U.S.C. § 405(g).  However, judicial review is limited in scope.  *Id.*  The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act.  *Smith v. Berryhill*, 587 U.S. 471, 474-475 (2019).  Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g).

2

### III.    Discussion

In the instant case, the Court does not have jurisdiction to review the Commissioner's decision because the Plaintiff has failed to exhaust his administrative remedies.  Plaintiff did not file a request for review with the Appeals Council, and the Appeals Council has not denied review of the Administrative Law Judge's decision.  As such, there is no final administrative decision of the Commissioner.

Accordingly, Plaintiff's Complaint should be dismissed.

### IV.    Conclusion

For the reasons stated above, the undersigned recommends that the Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED** and Plaintiff's Complaint (ECF No. 2) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of January 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE